*592 Friday, October 7. The Judges delivered their opinions.
Judge Tucker.
This was a bill of review to an interlocutory decree of the High Court of Chancery for the sale of certain mortgaged premises; in which suit the mortgagor, though duly served with notice of the decree nisi, put in no answer; whereupon the bill was taken for confessed, and a decree of foreclosure made in the usual form, May 26, 1801. The bill of review was received by the Court, March 2, 1802. The sale had not been made, nor any final decree pronounced. It is unnecessary to state the grounds upon which the bill of review was admitted, as a previous question arises, whether such a bill was admissible, at that stage of the proceedings.
In the case of Fairfax v. Muse’s Executors, last term,(a) this Court decided, that a decree of foreclosure and sale of mortgaged estate, unless the debt were paid by a certain day, was not a final decree; and for that reason dismissed an appeal which had been allowed by the Chancellor during vacation. In the case of Bowyer v. Lewis,(b) the question occurred whether a bill of review will lie before a final decree made in the cause. On that occasion I delivered my opinion that it would not, for the reasons there mentioned, to which I beg leave to refer; and I believe there was no difference of opinion in the Court. Considering the bill, in the present case, as a bill of review, properly so called, I am of opinion it was prematurely granted; a supplemental bill, in nature of a bill of review, is to be allowed only where nexo matter has been discovered since the decree: that is not the case here. The decree not being final, might have been altered upon a re-hearing, *593 without the assistance of a bill of review, if there were sufficient matter to reverse it appearing upon the former proceedings, (b) And there must be a petition for such re-hearing, (c)
In order to come at the merits of this case, which, as far as they have been spokeü to, has been very ably argued on both sides, I was willing to see whether this bill could be considered in the nature of a cross-bill, to the bill for foreclosing; and if the defendant in that suit had put in his answer to the bill to foreclose, I probably should have struggled hard, (though possibly without success,) for such an interpretation. But this he has never done, and consequently he is not entitled to any favour in that way. I am therefore constrained, without giving any opinion on the merits, to say, that the bill of review was improperly admitted by the Chancellor, and therefore, that the decree be reversed, and the bill dismissed with costs.
Judge Roane concurred in the opinion, that the bill had been improperly received as a bill of review, the decree sought to be reviewed and reversed, not having been final 5 and that the bill ought to be dismissed.
Judge Fleming.
It seems now a well settled principle, that a bill of review may not be brought, (and if brought cannot be sustained,) until the decree sought to be reviewed and reversed be final, and the parties out of Court; and. then can be sustained on two grounds only: 1st. Where error of law is apparent upon the record; and 2dly. Upon discovery of some new matter; and in the latter case, the plaintiff in the bill of review must obtain the previous leave of the Court for filing such bill 5 and the leave of the Court is never obtained, but upon allegation, upon oath, that the new matter could not be produced or used by the party preferring this bill, at the time the decree was pronounced : and the Court, upon the new matter being discovered, will decide upon its relevancy or irrelevancy; and *594 permission to file such bill of review will accordingly depend upon such decision.
Forgetfulness or negligence of parties, under no incapacity, is no foundation for a bill of review.
It is unnecessary to consider the doctrine of supplemental bills, in the nature of bills of review, as it does not apply in the case before us ; and the bill, now the subject of discussion, having been prematurely brought, before a final decree, must, agreeable to the first principle above laid down, be dismissed.
By the whole Court, (absent Judge Lyons,) the decree of the Superior Court of Chancery reversed, and the bill of review filed by Ellzey, dismissed, at his costs.
Ellzey being the appellant, in this Court, and the decree of the Superior Court of Chancery having been reversed,
Wirt said, he understood that, according to the usual course, the clerk would tax the costs against the appellee, (Lane’s Executrix,) although she substantially prevailed. This, would not be equitable, inasmuch as the error was produced by Ellzey himself, in filing a bill of review improperly ; and for another reason, that he took an appeal from a decree which gave him every thing he asked for in his bill.
By all the Judges. The appellee having substantially prevailed, let the decree be reversed at the costs of the appellant.(1)

а) 2 Atk. 40. Lewellin v. Mackworth. Mitford’s Pleadings, 82, 3 Atk [811.] in arguendo, per Yorke.

 2 Ves. 597, 598. Moore v. Moore.

 Ante, p. 558.

 1 Hen. & Munf. 553.